UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elvis-Jack:Pacaya

    v.                                                    Case No. 23-cv-279-LM

Freedom Mortgage Corp.
Orlans, PC
Federal Mortgage Home Loan Corp.
Grafton County Sheriff's Dept.

## REPORT AND RECOMMENDATION

Plaintiff Elvis-Jack:Pacaya has sued several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3) ("RESPA").  Before the court is defendant Grafton County Sheriff Dept.'s ("GCSD") motion to dismiss for failure to state a claim upon which relief can be granted (Doc. No. 4), to which the plaintiff has timely objected, (Doc. No. 10).  See Fed. R. Civ. P. 12(b)(6).  Pursuant to LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation.  For the reasons that follow, the district judge should grant GCSD's motion.

## Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in his pleadings that are sufficient to

render his entitlement to relief plausible.  See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).  The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43.  In addition to the allegations in the complaint, the court may also consider judicially noticed documents, matters of public record, and documents attached to the complaint, without converting this 12(b)(6) motion into a motion for summary judgment.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005).

## Background

The factual allegations in the complaint (Doc. No. 1) against GCSD are sparse. On May 1, 2023, GCSD personnel served with a notice to quit through abode service. Compl. (Doc. No. 1) ¶ 39-40.  Plaintiff further claims that the GCSD was acting as a debt collector attempting to collect an alleged debt against the Plaintiff. Id. ¶ 12. In addition, plaintiff claims that "[h]aving service done by respondent Grafton gave the claimant the false representation that respondent alleged debt was vouched for by the State of New Hampshire." Id. ¶ 41.  Next, plaintiff claims that the GCSD was operating as a private

corporation acting as a debt collector. Id. ¶ 10. Finally, plaintiff asserts that the GCSD's service of the notice to quit caused him unspecified "harm, damage, and loss." (Id. ¶ 44.

## Discussion

In Count V of his complaint, plaintiff alleges that the GCSD violated the FDCPA when it served him with a notice to vacate premises.[1] Congress enacted the FDCPA "to eliminate abusive debt collection practices" by "debt collectors." 15 U.S.C. § 1692(e). For example, under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. To ultimately prevail on a claim under the FDCPA, the plaintiff must show that: "(1) they have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the Act." Moore v. Mortg. Elec.

---

[1] Plaintiff specifically alleges a violation of 15 U.S.C. § 1692(e)(1), which proscribes "[t]he false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

Registration Sys., Inc., 848 F. Supp. 2d 107, 124 (D.N.H. 2012) (quotation and brackets omitted).

Under the plain language of the statute, liability under the FDCPA requires the defendant to be a "debt collector," which the Act defines as " 'any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another.' " Sheriff v. Gillie, 136 S. Ct. 1594, 1598 (2016) (quoting 15 U.S.C. § 1692(e)). "The plaintiff in an FDCPA action bears the burden of proving the defendant's debt collector status." Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56, 60 (2d Cir.2004).

GCSD bases its motion on 15 U.S.C. § 1692a(6)(C), which excludes several categories of actors from the statutory definition of "debt collector."  As relevant here, the statute excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."

Plaintiff's objection (Doc. No. 10) provides no serious response to GCSD's argument.  Aside from largely irrelevant legal jargon, the bulk of the objection's twenty-two paragraphs baselessly question defense counsel's legal right to appear in this case, rather than address the question of whether the

4

defendant is a "debt collector."[2]  This arguably forfeits plaintiff's right to argue that the GCSD personnel were acting as "debt collectors," within the meaning of the FDCPA.  See Hill v. State, No 22-cv-290-PB, 2023 WL 4204662, at *3 (D.N.H. June 27, 2023) ("It is a long-established policy that when a party's opposition to a motion fails to respond to arguments raised by the opposing party, a court may treat those unopposed arguments as conceded." (quoting Int'l Union, United Gov't Sec. Officers of Am. v. Clark, 704 F. Supp.2d 54, 60 (D.D.C. 2010).

Plaintiff's concession notwithstanding, the exclusion in section 1692a(6)(C) reflects the fact that "[t]he term debt collector is not intended to include the following: . . . Government officials, such as marshals and sheriffs, while in the conduct of their official duties." Heredia v. Green, 667 F.2d 392, 399 (3d Cir. 1981) (quoting S. Rep. No. 95-382 (1977)).  In Heredia, the court found that a Landlord and Tenant Officer – a court-appointed position for serving notices to quit upon tenants – was excluded from liability under the FDCPA. Similarly, in Hicks v. Ward, Civ. No. PX 17-258, 2017 WL 4786616, at *4 (D. Md. Oct. 24, 2017), the court found that a

---

[2]For example, plaintiff states that "he sees no facts or evidence that [defense counsel} is not required to use a full legal name," is using his "full legal name," or is not required to register as a foreign agent under the Foreign Agent Registration Act." Pltf. Obj. (Doc. No. 10) ¶¶ 3, 4, and 19.

County Sheriff serving process was not a "debt collector" under the FDCPA. See also Garcia v. Fry, 186 F. Supp. 3d 228, 232 (D. Conn. 2016) (finding that state marshal attempting to collect a debt in his official job capacity was exempt from FDCPA even though his attempt was not made in accordance with applicable state law regarding service); Rojo v. Watson, No. 15-CV-3134, 2016 WL 5394679 (D. Neb. Sept. 27, 2016) (sheriffs that were allegedly "acting like private debt collectors" were entitled to "officer" exception). The court reaches the same conclusion here.  The GCSD personnel serving plaintiff with a notice to quit are not "debt collectors" within the meaning of the FDCPA.[3]

## Conclusion

Based on the foregoing, the district court should grant defendant GCSD's motion to dismiss Count V of the complaint.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by

---

[3] Although plaintiff alleges in his complaint the defendants were "acting as debt collectors," the court need not accept such legal conclusion in considering the defendant's motion. Manning, 725 F.3d at 43

6

such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 14, 2023

cc:  Elvis-Jack: Pacaya, pro se
     Counsel of Record