UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elvis-Jack:Pacaya

    v.                                        Case No. 23-cv-279-LM

Freedom Mortgage Corp.
Orlans, PC
Federal Mortgage Home Loan Corp.
Grafton County Sheriff's Dept.

### REPORT AND RECOMMENDATION

Plaintiff Elvis-Jack:Pacaya has sued several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3) ("RESPA"). Before the court is defendant Orlans, PC's ("Orlans") motion to dismiss the two claims asserted against it for failure to state a claim upon which relief can be granted (Doc. No. 6). Plaintiff has filed no objection. See Fed. R. Civ. P. 12(b)(6). Pursuant to LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant Orlans's motion.

### Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in his pleadings that are sufficient to render his entitlement to relief plausible. See Manning v.

Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).  The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43.  In addition to the allegations in the complaint, the court may also consider judicially noticed documents, matters of public record, and documents attached to the complaint, without converting this 12(b)(6) motion into a motion for summary judgment.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005).

## **Background**

Plaintiff asserts two FDCPA violations against Orlans.  In Count IV, plaintiff alleges that Orlans violated 15 U.S.C. § 1692g when it did not respond to a request to validate a debt within five business days. Compl. (Doc. No. 1) ¶¶ 34-36.  In Count VI, plaintiff alleges multiple violations of 15 U.S.C. §§ 1692g (c)-(g).  Id. ¶¶ 45-55.

A.  Validation of Debt (Count IV)

In Count IV, plaintiff alleges that Orlans violated § 1692g by failing to "acknowledge," within five days of receipt, plaintiff's May 10, 2023, "demand for validation of claim with regards to their claim of a debt."  Compl. (Doc. No. 1) ¶¶ 34-

2

36. Although § 1692g(a) includes a five-day time limit, and §§ 1692g(a)(3)-(5) include thirty-day limits, those time limits make no reference to "validating a claim." The five-day period in §1692g refers to the time period after the "initial communication" a debt collector initiates with a consumer "in connection with the collection of any debt," in which a debt collector must provide certain information. 15 U.S.C. § 1692g(a). The thirty-day period in § 1692(g) refers to the time period a consumer has to dispute the validity of a debt after receiving the communication from the debt collector containing the information required by § 1692g. Id.  As neither cited subsection requires a response to a "demand for verification," Count IV fails to state a FDCPA claim against Orlans and should be dismissed.

B. Violations of 15 U.S.C. §§ 1692c-1692g (Count VI)

In Count VI, plaintiffs allege that Orlans (and others) have violated numerous provisions of the FDCPA by:

- communicating with the plaintiff without his consent;
- threatening the plaintiff with violence or other criminal means;
- using obscene and profane language;
- instilling a false representation of the legal status of an alleged debt;
- instilling a false representation regarding plaintiff's ability to defend against payment;
- instilling a false representation that plaintiff committed a crime; and
- attempting to collect a debt without authority.

Compl. (Doc. No. 1) ¶¶ 47-53.

Although the plaintiff has accurately identified FDCPA provisions which prevent debt collectors from engaging in certain actions, he has failed to allege any "supporting facts," see Wood v. U.S. Bank, Civ. No. 22-cv-235-JL, 2023 WL 3867254, at *2 (D.N.H. June 7, 2023) (cleaned up), "such as the dates, times, or content of the allegedly unlawful" communications or representations committed by Orlans.  Chiras v. Associated Credit Servs, Inc., No 12-10871-TSH, 2012 WL 3025093, at *1 (D. Mass. July 23, 2012) (dismissing FDCPA claim).  Plaintiff's conclusory allegations of Orlans's illegal conduct are insufficient to state a claim for relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .") (cleaned up).  Accordingly, Orlans's motion to dismiss Count VI should be granted.

## Conclusion

Based on the foregoing, the district court should grant defendant Orlans PC's motion to dismiss (Doc. No. 6).[1]

---

[1] Citing Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029 (2019), Orlans argues that, as a law firm representing a

4

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                            _____
                                            Andrea K. Johnstone
                                            United States Magistrate Judge

July 19, 2023

cc:  Elvis-Jack:Pacaya, pro se
     Counsel of Record

---

mortgagee, it cannot be held liable as a "debt collector" under the FDCPA. Without commenting on the strength of this argument, the court notes that Orlans's status and role in the underlying dispute is not apparent from the complaint. The court, therefore, does not address it in the context of a motion under Rule 12(b)(6).

5