UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elvis-Jack: Pacaya

    v.                                      Civ. No. 23-cv-279-LM

Freedom Mortgage Corp.
Orlans, PC
Federal Mortgage Home Loan Corp.
Grafton County Sheriff's Dept.

**REPORT AND RECOMMENDATION**

    Plaintiff Elvis-Jack:Pacaya has sued several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3) ("RESPA"). Before the court are plaintiff's motions for leave to file an amended claim for permanent injunction (Doc. No. 28) and motion to amend complaint (Doc. No. 29). Pursuant to LR 72.1, the motions have been referred to the undersigned Magistrate Judge for a report and recommendation. Construing the two motions as a single request by plaintiff to amend his complaint, the court recommends denial of the requested relief.

**Standard of Review**

    Under Fed. R. Civ. P. 15(a), the court should freely give leave to amend "when justice so requires." This liberal

standard does not mean, however, that every request for leave to amend should be granted. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 60 (1st Cir. 2013). Rather, the court may deny a request for leave to amend when "the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Id. at 61 (internal quotation marks and brackets omitted). A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

## Discussion

Plaintiff filed his original complaint on May 19, 2023 (Doc. No. 1). The defendants each filed motions to dismiss between June 12, 2023 and July 26, 2023. (Doc. Nos. 4, 6, 13, and 23). The undersigned magistrate judge recommended granting the motions filed by defendants Grafton County Sheriff's Dept. (Doc. No. 4) on July 14, 2023 (Doc. No. 18) and Orlans, P.C. (Doc. No. 19) on July 19, 2023. Plaintiff's objection to the Grafton County motion did not address any legal issues, but only asserted baseless claims against defense counsel. Plaintiff filed no objection to the Orlans motion to dismiss. Plaintiff having filed no objection to the two recommended dispositions, the district judge approved both and granted the two motions.

2

The motions filed by the two other defendants remain pending. Plaintiff filed no substantive objection to either one.

Plaintiff asserts that he seeks to amend his complaint to add "additional facts and information." Pl. Mot. (Doc. No. 29) at 1. A review of the filings, however, demonstrates that the factual assertions within the six counts of the proposed amended complaint are identical in every relevant respect to those in the original complaint. The only discernable difference is that plaintiff has added legal arguments within each count. It thus appears to the court that plaintiff is attempting to redress his prior failure to engage on the substantive issues raised by the defendants' motions and the court's rulings.

As one defendant correctly observes, where a plaintiff relies on allegations or arguments it could have made in earlier pleadings in an attempt to render a motion to dismiss moot, courts have discretion to deny leave to amend as dilatory and in bad faith. Def. Obj. (Doc. No. 35) (citing Blakley v. Celadon Grp., Inc., No. 1:16-cv-000351-LJM-TAB, 2017 WL 819715, at *3 (S.D. Ind. Mar. 2, 2017); see also Williams v. Savage, 559 F. Supp. 2d 99, 108 (D.D.C. 2008) (where "plaintiffs could have included these allegations earlier and because they have not justified their delay, they have demonstrated a dilatory motive or bad faith.").

3

Accordingly, the district judge should deny plaintiff leave to amend his complaint.  However, owing to plaintiff's pro se status, the court will construe the proposed amendments as supplements to his objections to the remaining motions to dismiss. Plaintiff's failure to object to the prior report and recommendations forfeited any objection to the dismissal of the Grafton County Sheriff Dept. and Orlans, PC. See Fed. R. Civ. P. 72(b)(2); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

## Conclusion

Based on the foregoing, the district judge should deny plaintiff's motions to amend.  (Doc. Nos. 28 and 29). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37, 617 F.3d at 564.  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives

the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                          _____
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

January 5, 2024

cc:  Elvis-Jack: Pacaya, pro se
     counsel of record