UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elvis-Jack:Pacaya

    v.                                                        Civ. No. 23-cv-279-LM

Freedom Mortgage Corp.
Orlans, PC
Federal Mortgage Home Loan Corp.
Grafton County Sheriff's Dept.

**REPORT AND RECOMMENDATION**

    Plaintiff Elvis-Jack:Pacaya has sued several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3) ("RESPA").  Before the court is defendant Freedom Mortgage Co.'s ("Freedom") motion for an injunction to declare plaintiff a vexatious litigant and for sanctions. (Doc. No. 15) Pursuant to LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation.  For the reasons that follow, the district judge should deny the motion.

    Noting that the plaintiff has filed several similar – and unsuccessful – lawsuits against Freedom and its executives regarding the same property in this court and state court, Freedom requests that the court enjoin Mr. Pacaya from filing future lawsuits without first obtaining leave of court.

    "Federal courts 'possess discretionary powers to regulate the conduct of abusive litigants.'"  United States v. Gómez-

Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation omitted). "'[E]xtreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties,'" may justify a federal court's issuance of an injunction barring a party from further filing frivolous and vexatious lawsuits. Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (citation omitted). Any "restrictions imposed must be tailored to the specific circumstances presented." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993). Further, before a filing restriction may be imposed, a litigant must be "warned or otherwise given notice that filing restrictions [are] contemplated." Id. at 35. In determining whether a filing restriction is appropriate in this case, the court recognizes "that the use of broad filing restrictions against pro se plaintiffs 'should be approached with particular caution.'" Cok, 985 F.2d at 35 (citation omitted).

    Proceeding cautiously, as the First Circuit has instructed, the court declines to recommend enjoining Mr. Pacaya at this time. Given the outcomes in the numerous other lawsuits pertaining to the property, mortgage, and foreclosure at issue, it should be clear to Mr. Pacaya that he cannot obtain relief in this court on the claims asserted in this case, or on any claims arising out of the servicing and foreclosure of his mortgage.

2

Accordingly, should Mr. Pacaya attempt to file any new action in this court concerning these matters, the Court may, at that time, recommend enjoining him from filing any new action in this court arising from the mortgage and foreclosure of the property located at 145 Bishop Road in Lisbon, New Hampshire.

## Conclusion

Based on the foregoing, the district judge should deny Freedom's motion for a vexatious litigant injunction and sanctions. (Doc. No. 15). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 31, 2024
c: Elvis-Jack:Pacaya, pro se

3