UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Elvis-Jack:Pacaya


    v.                                                    Civ. No. 23-cv-279-LM

Freedom Mortgage Corp.
Orlans, PC
Federal Mortgage Home Loan Corp.
Grafton County Sheriff's Dept.


**REPORT AND RECOMMENDATION**

    Plaintiff Elvis-Jack:Pacaya has sued several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3) ("RESPA"). Before the court is defendant Freedom Mortgage Corp.'s ("Freedom") motion to dismiss the three claims asserted against it for failure to state a claim upon which relief can be granted (Doc. No. 13). Plaintiff has filed no substantive objection.[1] See Fed. R. Civ.

---

[1] Plaintiff's purported objection (Doc. No. 17) contains no responses to Freedom's motion. Instead, each of its twenty paragraphs baselessly questions defense counsel's "standing" to represent Freedom. The court may not deem the lack of a response to be procedural default. Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004). Instead, the district court remains obligated to "examine the complaint itself to see whether it is formally sufficient to state a claim." Id.

P. 12(b)(6). Pursuant to LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant Freedom's motion.

## Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in his pleadings that are sufficient to render his entitlement to relief plausible. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. In addition to the allegations in the complaint, the court may also consider judicially noticed documents, matters of public record, and documents attached to the complaint, without converting this 12(b)(6) motion into a motion for summary judgment. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005). The court can also consider "documents central to plaintiffs' claim;

or . . . documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

### Plaintiff's Claims

A. Count I - Violation of 12 U.S.C. § 2605(e) (RESPA)

Stripped of legal conclusions, plaintiff alleges in Count I that Freedom violated RESPA by failing acknowledge or answer plaintiffs "qualified written request with regard to an alleged mortgage contract." Compl. (Doc. No. 1) ¶¶ 15, 18, 19. Freedom has included both plaintiff's letter and its response as exhibits to its motion. Def. Mem. (Doc. No. 14) Exhs. A and B (Doc. Nos. 14-1 and 14-2). As these documents are both "central to plaintiff's claim" and "referred to in the complaint," Watterson, 987 F.2d at 3, the court considers them in its analysis.

RESPA defines a "qualified written request" ("QWR") as "a written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Wood v. U.S. Bank, No. 1:22-CV-00235-JL, 2023 WL 3867254, at *4 (D.N.H. June 7, 2023) (quoting 12 U.S.C. § 2605(e)(1)(B)).

Under REPSA, "[a] letter does not constitute a QWR . . . if the letter does not relate to the servicing of a borrower's loan as defined under 12 U.S.C. § 2605(i)(3) or does not identify any error as required by § 2605(e)(1)(B)." Moody v. PennyMac Loan Servs., LLC, No. 16-CV-21-JL, 2016 WL 11690622, at *5 (D.N.H. June 6, 2016). Relatedly, challenges to a loan's validity or its terms are not considered [QWRs] under Section 2605(e). Id.

Here, the plaintiff's putative QWR, dated August 27, 2022, contains plaintiff's name and account number, and claims to exercise a "right to rescind the mortgage" because he was not provided with certain information. Def. Mem., Exh. A. (Doc. No. 14-1). The letter seeks the return of all payments made on the account and termination of any security interest. Id. It does not, however, request any information regarding servicing of the loan. Instead, in seeking to rescind the loan, plaintiff is challenging its validity. The letter is therefore not a QWR.

Regardless of whether the plaintiff's letter was a QWR, Freedom, contrary to the allegation in the complaint, met its obligation to respond by letter dated September 14, 2022 – eighteen days later. Freedom's letter acknowledged receipt of plaintiff's putative QWR, indicated that it had researched plaintiff's account and found no error, and that the account was in arrears. See 12 U.S.C. § 2605(e)(2)(B)(i) (requiring

4

servicer, after receiving QWR, to "provide the borrower with a written explanation or clarification that includes . . . a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer . . . .")

In addition to plaintiff's letter not serving as a valid QWR, and Freedom's timely and sufficient response, Count I is also deficient because the plaintiff claims only that he "was caused harm, damage and loss." Compl. (Doc. No. 1) ¶ 21. This is inadequate to support a RESPA claim, which requires an allegation of "specific damages and . . . how the purported RESPA violations caused those damages. Wood, 2023 WL 3867254, at *6 (quoting Moore v. Mortg. Elec. Registration Sys., Inc. 848 F. Supp. 2d 107, 122 (D.N.H. 2012)). Based on the foregoing, Count I should be dismissed.

B. Count II – Violation of 15 U.S.C. § 1692(g) (FDCPA)

In Count II, plaintiff alleges that Freedom violated the FDCPA by failing to respond to plaintiff's "demand for validation of a claim with regards to their claim of debt." Compl. (Doc. No. 1) ¶ 22. This claim fails because Freedom is not a "debt collector," as that term is defined in the statute.

Pursuant to 15 U.S.C. § 1692a(6), a "debt collector"

> means any person who uses any instrumentality of
> interstate commerce or the mails in any business the

> principal purpose of which is the collection of any
> debts, or who regularly collects or attempts to
> collect, directly or indirectly, <u>debts owed or due or
> asserted to be owed or due another</u>. Notwithstanding
> the exclusion provided by clause (F) of the last
> sentence of this paragraph, the term includes any
> creditor who, in the process of collecting his own
> debts, uses any name other than his own which would
> indicate that a third person is collecting or
> attempting to collect such debts.

(emphasis added). Here, plaintiff's allegation in Count I as to a "mortgage contract," Compl. (Doc. No. 1) ¶ 15, and his request in Count II for Freedom to "validate . . . their claim of a debt," demonstrates that Freedom was not a "debt collector," but was instead a "creditor," defined as

> "any person who offers or extends credit creating a
> debt or to whom a debt is owed, but such term does not
> include any person to the extent that he receives an
> assignment or transfer of a debt in default solely for
> the purpose of facilitating collection of such debt
> for another.

15 U.S.C. § 1692a(4). As a "creditor," Freedom is "generally exempt from the definition of 'debt collector' and is thereby exempt from FDCPA liability." Johnson-Toothaker v. Bayview Loan Servicing LLC, No. 2:20-CV-00371-JDL, 2022 WL 3278883, at *7 (D. Me. Aug. 11, 2022). Accordingly, Count II should be dismissed.

C. Count VI - Violations of 15 U.S.C. §§ 1692c-1692g (FDCPA)

In Count VI, plaintiffs allege that Freedom (and others) violated numerous provisions of the FDCPA by:

- communicating with the plaintiff without his consent;
- threatening the plaintiff with violence or other criminal means;
- using obscene and profane language;
- instilling a false representation of the legal status of an alleged debt;
- instilling a false representation regarding plaintiff's ability to defend against payment;
- instilling a false representation that plaintiff committed a crime; and
- attempting to collect a debt without authority.

Compl. (Doc. No. 1) ¶¶ 47-53.

Although the plaintiff has accurately identified FDCPA provisions which prevent debt collectors from engaging in certain actions, he has failed to allege any "supporting facts," see Wood, 2023 WL 3867254, at *2 (cleaned up), "such as the dates, times, or content of the allegedly unlawful" communications or representations. Chiras v. Associated Credit Servs, Inc., No 12-10871-TSH, 2012 WL 3025093, at *1 (D. Mass. July 23, 2012) (dismissing FDCPA claim).  Plaintiff's conclusory allegations of Freedom's illegal conduct are insufficient to state a claim for relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .") (cleaned up).  Accordingly, Freedom's motion to dismiss Count VI should be granted.

7

## Conclusion

Based on the foregoing, the district court should grant defendant Freedom Mortgage Corp.'s motion to dismiss (Doc. No. 13).[2]

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 5, 2024

cc:  Elvis-Jack: Pacaya, pro se
     counsel of record

---

[2] As the court recommends dismissal based on plaintiff's failure to state a claim for relief, it does not reach Freedom's res judicata defense.