UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elvis-Jack:Pacaya

   v.                                                 Civ. No. 23-cv-279-LM

Freedom Mortgage Corp.
Orlans, PC
Federal Mortgage Home Loan Corp.
Grafton County Sheriff's Dept.

**REPORT AND RECOMMENDATION**

    Plaintiff Elvis-Jack:Pacaya has sued several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(3) ("RESPA"). Before the court is defendant Federal Home Loan Mortgage Corp.'s ("Freddie Mac") motion to dismiss the two FDCPA claims asserted against it for failure to state a claim upon which relief can be granted (Doc. No. 23). Plaintiff has filed no substantive objection.[1] See Fed. R. Civ. P. 12(b)(6). Pursuant to LR 72.1, the motion

---

[1] Plaintiff's purported objection (Doc. No. 27) contains no responses to Freddie Mac's motion. Instead, each of its twenty paragraphs baselessly questions defense counsel's "standing" to represent Freddie Mac. The court may not deem the lack of a response to be procedural default. Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004). Instead, the district court remains obligated to "examine the complaint itself to see whether it is formally sufficient to state a claim." Id.

has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant Freddie Mac's motion.

## Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in his pleadings that are sufficient to render his entitlement to relief plausible. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. In addition to the allegations in the complaint, the court may also consider judicially noticed documents, matters of public record, and documents attached to the complaint, without converting this 12(b)(6) motion into a motion for summary judgment. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005). The court can also consider "documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

B. Count III – Violation of 15 U.S.C. § 1692(g) (FDCPA)

In Count III, plaintiff alleges that Freddie Mac violated the FDCPA by failing to respond to plaintiff's "demand for validation of a claim with regards to their claim of debt." Compl. (Doc. No. 1) ¶ 29. This claim fails because Freddie Mac is a "creditor," rather than a "debt collector," as those terms are defined in the statute.

> Pursuant to 15 U.S.C. § 1692a(6), a "debt collector"
>
> means any person who uses any instrumentality of
> interstate commerce or the mails in any business the
> principal purpose of which is the collection of any
> debts, or who regularly collects or attempts to
> collect, directly or indirectly, <u>debts owed or due or
> asserted to be owed or due another</u>. Notwithstanding
> the exclusion provided by clause (F) of the last
> sentence of this paragraph, the term includes any
> creditor who, in the process of collecting his own
> debts, uses any name other than his own which would
> indicate that a third person is collecting or
> attempting to collect such debts.

(emphasis added). Here, plaintiff's allegation in Count I as to a "mortgage contract," Compl. (Doc. No. 1) ¶ 15, and his request in Count II for Freddie Mac to "validate . . . their claim of a debt," demonstrates that Freddie Mac was not "Seeking to collect . . . debts . . . owed or due another," but was instead a "creditor," defined as

> "any person who offers or extends credit creating a
> debt or to whom a debt is owed, but such term does not
> include any person to the extent that he receives an
> assignment or transfer of a debt in default solely for

3

> the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). As a "creditor," Freddie Mac is "generally exempt from the definition of 'debt collector' and are thereby exempt from FDCPA liability." Johnson-Toothaker v. Bayview Loan Servicing LLC, No. 2:20-CV-00371-JDL, 2022 WL 3278883, at *7 (D. Me. Aug. 11, 2022). Accordingly, Count III should be dismissed.

C. Count VI - Violations of 15 U.S.C. §§ 1692c-1692g (FDCPA)

In Count VI, plaintiffs allege that Freddie Mac (and others) violated numerous provisions of the FDCPA by:

- communicating with the plaintiff without his consent;
- threatening the plaintiff with violence or other criminal means;
- using obscene and profane language;
- instilling a false representation of the legal status of an alleged debt;
- instilling a false representation regarding plaintiff's ability to defend against payment;
- instilling a false representation that plaintiff committed a crime; and
- attempting to collect a debt without authority.

Compl. (Doc. No. 1) ¶¶ 47-53.

Although the plaintiff has accurately identified FDCPA provisions which prevent debt collectors from engaging in certain actions, he has failed to allege any "supporting facts," see Wood, 2023 WL 3867254, at *2 (cleaned up), "such as the dates, times, or content of the allegedly unlawful"

4

communications or representations. Chiras v. Associated Credit Servs, Inc., No 12-10871-TSH, 2012 WL 3025093, at *1 (D. Mass. July 23, 2012) (dismissing FDCPA claim). Plaintiff's conclusory allegations of Freddie Mac's illegal conduct are insufficient to state a claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .") (cleaned up). Accordingly, Freddie Mac's motion to dismiss Count VI should be granted.

## Conclusion

Based on the foregoing, the district court should grant defendant Freddie Mac's motion to dismiss (Doc. No. 23).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right

5

to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

February 5, 2024

cc:   Elvis-Jack: Pacaya, pro se
      counsel of record